**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ERNST ANDRE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 25-CV-10477-AK |
| CUSTOMER BANK, SAM SIDHU, and PHILIP WATKINS | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO JOIN A PARTY**

**A. KELLEY, D.J.**

Plaintiff Ernst Andre brings this action against Customers Bank (the "Bank") and two of its senior officers, Chief Executive Officer Samvir S. Sidhu and Chief Financial Officer Philip S. Watkins (collectively, the "Individual Defendants," and together with the Bank, the "Defendants"), alleging violations of the Truth in Lending Act and common law fraud. [Dkt. 1]. The Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) (the "Rules"), asserting lack of personal jurisdiction, improper service, and failure to state a claim. [Dkt. 14]. Plaintiff moves for leave to amend his complaint to add Jude Datois as a defendant. [Dkt. 17]. For the reasons that follow, Defendants' Motion to Dismiss [Dkt. 14] is **GRANTED** and Plaintiff's Motion for Leave to Amend [Dkt. 17] is **DENIED**.

**I.   BACKGROUND**

   **A.   Factual Background**

This action arises from a consumer loan identified by Plaintiff as Loan No. CB3521175 (the "Loan"), which originated on October 21, 2022. Plaintiff alleges that, after the Loan closed,

1

he sent certified letters dated December 19, 2024 and January 21, 2025 requesting full loan documentation (an accounting of loan terms, payment history, and origination records), which the Bank did not provide. Plaintiff contends that the Bank's alleged failure to disclose required information violated the Truth in Lending Act ("TILA") and that the Defendants' conduct was fraudulent and caused financial and emotional harm.

B.     **Procedural History**

Plaintiff filed his *pro se* complaint on February 27, 2025. **[Dkt. 1]**. The Complaint names the Bank as lender and identifies Sidhu and Watkins in their corporate capacities as CEO and CFO, respectively. Count I alleges a TILA violation, Count II alleges fraud, and Count III alleges negligent infliction of emotional distress. Plaintiff seeks compensatory and punitive damages and injunctive relief requiring disclosure of loan documents.

On May 8, 2025, the Defendants filed a joint motion to dismiss on three principal grounds: (1) lack of personal jurisdiction over the Individual Defendants, who are alleged to be New York residents with no purposeful contacts with Massachusetts; (2) improper service of process on the Individual Defendants; and (3) failure to state a claim. [Dkt. 14]. Defendants argue, among other things, that TILA requires pre-consummation disclosures and that Plaintiff does not allege any pre-closing nondisclosure, that any TILA claim is time-barred by the statute's one-year limitations period, that the federal criminal statutes invoked do not create a private right of action, that Plaintiff's fraud allegations fail to satisfy Rule 9(b), and that the emotional distress claim fails under Massachusetts law for lack of duty and physical manifestation. In support of their jurisdictional and service arguments, the Individual Defendants submitted sworn declarations stating that they are New York residents, maintain primary business addresses in New York, have not purposefully directed activities to

Massachusetts, were not involved in the Loan transaction, and were not personally served at their home addresses. [Dkt. 16]. Their declarations further state that the person who accepted service on behalf of the Bank was not authorized to accept service on their behalf. Id. Plaintiff opposes dismissal and contends that service was proper under Rule 4(h). [Dkts. 19, 20].

On May 27, 2025, Plaintiff moved for leave to amend to add Jude Datois, alleging that Datois procured the Loan, submitted the application and supporting documentation to the Bank, and acted on Plaintiff's behalf. [Dkt. 17]. Defendants oppose amendment to the extent it would delay resolution of their motion to dismiss, contend they are unfamiliar with Datois, and assert that the proposed amendment does not cure the jurisdictional and service defects they have identified. [Dkt. 18]. Plaintiff maintains that amendment is timely, will promote judicial economy, and is unrelated to the service dispute. [Dkts. 19, 20].

## II.     LEGAL STANDARDS

### A.  Rule 12(b)(2) — Lack of Personal Jurisdiction

A defendant may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016). When the court resolves the motion based on written submissions without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction, and the court construes the pleadings and affidavits in the plaintiff's favor. Peterson v. Burke, 433 F. Supp. 3d 212, 217 (D. Mass. 2020); A Corp., 812 F.3d at 58.

Jurisdictional analysis proceeds in two steps: the court first determines whether the forum's long-arm statute authorizes jurisdiction, and then asks whether the exercise of jurisdiction comports with due process by assessing whether the defendant has sufficient

"minimum contacts" with the forum such that jurisdiction would comport with "traditional notions of fair play and substantial justice."  Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675-76 (1st Cir. 1992); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316-20 (1945).  The Supreme Court has further refined the due process inquiry by addressing purposeful availment, the relationship between the defendant's forum contacts and the claim (specific versus general jurisdiction), and the limits on exercising general jurisdiction over foreign corporate officers.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-76 (1985); Daimler AG v. Bauman, 571 U.S. 117, 126-27 (2014).

### B. Rule 12(b)(5) — Insufficient Service of Process

A defendant may move to dismiss under Rule 12(b)(5) where service of process is challenged as insufficient.  The plaintiff bears the burden of proving that service was properly affected.  Ceinorius v. Franco, 627 F. Supp. 3d 51, 53 (D. Mass. 2022).  If the plaintiff cannot demonstrate valid service, dismissal is appropriate unless the defect is cured or excused.  Fed. R. Civ. P. 4(h)(1)(B); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).  Service on a corporation or its officers must comply with the methods authorized by the Federal Rules and applicable state law, and courts look to the return of service and supporting affidavits to determine whether service was effective.  Fed. R. Civ. P. 4(h)(1)(B); Lopez v. Orange Lantern, Inc., 792 F. Supp. 3d 202, 207–08 (D. Mass. 2025).

### C. Rule 12(b)(6) — Failure to State a Claim

Under Rule 12(b)(6), a complaint must be dismissed if it fails to plead "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The court accepts well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor, but it need not credit legal conclusions or "threadbare recitals" of the elements

4

of a cause of action.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  To survive dismissal, the complaint must contain sufficient factual matter to permit the court to infer more than the mere possibility of misconduct.  Twombly, 550 U.S. at 555-57; Iqbal, 556 U.S. at 678-79; Butler, 736 F.3d at 612-13.

### III.  DISCUSSION

Jurisdictional and service questions are threshold matters that the Court must resolve before reaching the merits.  Defendants move to dismiss under Rules 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service, and under Rule 12(b)(6) for failure to state a claim.  Plaintiff opposes dismissal and seeks leave to amend to add a third-party defendant.  The Court addresses personal jurisdiction and service first, then considers the sufficiency of the pleaded claims and the motion to amend.

#### A.   Personal Jurisdiction - Rule 12(b)(2)

When a court resolves a Rule 12(b)(2) motion on written submissions, the plaintiff must make a prima facie showing of jurisdiction, and the court construes the pleadings and affidavits in the plaintiff's favor.  A Corp., 812 F.3d at 58; Peterson, 433 F. Supp. 3d at 217.  The jurisdictional inquiry asks whether the forum's long-arm statute authorizes jurisdiction and whether the exercise of jurisdiction comports with due process by assessing whether the defendant has sufficient "minimum contacts" with the forum so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  Int'l Shoe, 326 U.S. at 316-20; Burger King, 471 U.S. at 472-76.  The Supreme Court's decisions in Daimler and Burger King further clarify that specific jurisdiction requires a demonstrable nexus between the defendant's forum contacts and the plaintiff's cause of action, and that mere corporate affiliation is generally insufficient to subject corporate officers to suit in their individual

5

capacities.  Daimler, 571 U.S. at 126–27; Boit, 967 F.2d at 675–76.

Applying these principles, Plaintiff has not made the requisite prima facie showing of specific jurisdiction over the Individual Defendants.  The Complaint contains no factual allegations tying either Sidhu or Watkins personally to Massachusetts or to the Loan transaction.  Instead, it alleges only that they are senior officers of the Bank.  The Individual Defendants have submitted sworn declarations stating that they reside and work in New York, have not purposefully directed relevant activities to Massachusetts, were not involved in the Loan transaction, and were not personally served in Massachusetts.  [Dkt. 16].  Construing the limited record in Plaintiff's favor does not bridge the gap between corporate activity and individual liability: the Bank's business in Massachusetts does not, without more, establish that its CEO or CFO purposefully availed themselves of the forum with respect to this transaction.  Daimler, 571 U.S. at 127-28; Boit, 967 F.2d at 675-76.  Because Plaintiff has not alleged facts showing a nexus between the Individual Defendants' contacts and the claims, the Court lacks personal jurisdiction over Sidhu and Watkins and the claims against them must be dismissed on that ground.

**B.     Service of Process - Rule 12(b)(5)**

The plaintiff bears the burden of proving that service of process was properly affected.  Lopez, 792 F. Supp. 3d at 208.  Rule 4(h) authorizes service on a corporation by delivering a copy of the summons and complaint to an officer, managing or general agent, or other authorized agent, or by following the methods for serving an individual under Rule 4(e). Fed. R. Civ. P. 4(h)(1); Fed. R. Civ. P. 4(e).  Service on a corporate agent does not automatically affect service on individual officers in their personal capacities unless the agent is authorized to accept service for those individuals; courts examine the return of service and

supporting affidavits to determine whether service was effective.  <u>Murphy Bros.</u>, 526 U.S. at 347-48; Fed. R. Civ. P. 4.

Here, the proof of service shows that process was delivered at the Bank's corporate address and accepted by a bank representative.  That method may suffice to serve the corporate defendant, but it does not, without additional evidence, constitute valid service on Sidhu and Watkins in their individual capacities under Rule 4(e).  The Individual Defendants have submitted sworn statements denying that the person who accepted service was authorized to accept service on their behalf and asserting they were not personally served at their residences or usual places of abode.  [Dkt. 16].  Plaintiff has not produced evidence that the bank representative was authorized to accept service for the Individual Defendants or that any alternative means authorized by Rule 4(e) were employed.  Because Plaintiff has not met his burden to show valid service on the Individual Defendants in their personal capacities, dismissal of the claims against them for insufficient service is appropriate unless the defect is cured; the record contains no such cure.  Although courts sometimes decline to dismiss where defendants have actual notice and suffer no prejudice, Plaintiff has not attempted to cure the service defect in the months since filing, and the Court will not permit procedural irregularities to stand where the record affirmatively shows defective service.  Accordingly, the claims against Sidhu and Watkins are dismissed without prejudice for lack of personal jurisdiction and for insufficient service of process.

## C.     **Failure to State a Claim - Rule 12(b)(6)**

Because the Court dismisses the Individual Defendants on jurisdictional and service grounds, it addresses the merits only as to the Bank to determine whether the Complaint states plausible claims.

1. <u>Violation of Truth in Lending Act (TILA)</u>

TILA provides a private right of action for certain disclosure violations, but claims for damages under 15 U.S.C. § 1640(e) must be brought within one year of the occurrence of the violation, and courts commonly treat the date of the loan closing (when disclosures are due) as the accrual date for nondisclosure claims. <u>Rodrigues v. Members Mortg. Co.</u>, 323 F. Supp. 2d 202, 210 (D. Mass. 2004). The Loan here was consummated in 2022 and Plaintiff's certified demand letters were sent in December 2024 and January 2025. Plaintiff filed suit in February 2025. The Complaint does not allege facts supporting a later accrual date or equitable tolling. Accordingly, the TILA claim is time-barred and must be dismissed.

2. <u>Fraud and Federal Criminal Statutes</u>

Plaintiff invokes federal criminal statutes (18 U.S.C. §§ 1001, 1014) and alleges fraud. Criminal statutes generally do not create private civil causes of action. <u>Cok v. Cosentino</u>, 876 F.2d 1, 2 (1st Cir. 1989). Separate and apart from that threshold defect, Plaintiff's fraud allegations are conclusory and fail to satisfy the particularity requirement of Rule 9(b). The Complaint does not identify who made specific false statements, when and where they were made, or how they induced Plaintiff to act. Because the Complaint fails to plead fraud with the required specificity and the cited criminal statutes do not furnish a private remedy, the fraud claims must be dismissed.

3. <u>Negligent Infliction of Emotional Distress ("NIED")</u>

Under Massachusetts law, an NIED claim requires proof of negligence, causation, objective symptomatology demonstrating a physical manifestation of harm, and that a reasonable person would have suffered the alleged distress under the circumstances. <u>Payton v. Abbott Labs</u>, 386 Mass. 540, 548-49 (1982); <u>Sullivan v. Boston Gas Co.</u>, 414 Mass. 129, 137-38 (1993). The

Complaint contains only generalized allegations of stress and uncertainty and does not plead objective physical manifestations or other facts sufficient to satisfy the NIED elements. Accordingly, the NIED claim fails. For these reasons, the Complaint does not state plausible claims against the Bank and must be dismissed with prejudice as to the Bank.

### D. Motion for Leave to Amend – Rule 15

Plaintiff seeks leave to amend to add Jude Datois, whom he alleges procured the Loan and acted on his behalf. Leave to amend should be freely given absent undue delay, bad faith, undue prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if the proposed amended complaint would not survive a Rule 12(b)(6) motion. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Even assuming the Court were to permit amendment, the proposed claims against Datois would be futile for the reasons already stated. The TILA claim remains time-barred unless Plaintiff plausibly alleges a later accrual date or facts supporting equitable tolling; the proposed amendment does not do so. Datois is not alleged to be a creditor as defined by TILA (i.e., the person to whom the debt is initially payable and who regularly extends consumer credit), and the amended allegations do not supply facts necessary to treat him as such. The fraud claims against Datois suffer from the same Rule 9(b) deficiencies, and the criminal statutes invoked do not create private causes of action. The NIED allegations remain conclusory and lack objective symptomatology. Because the proposed amendment would not cure these substantive defects, the Court concludes amendment would be futile and denies leave to amend on that basis.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss [Dkt. 14] is **GRANTED**. The claims against

Individual Defendants Samvir S. Sidhu and Philip S. Watkins are **DISMISSED** without prejudice for lack of personal jurisdiction and for insufficient service of process.  The claims against Customers Bank are **DISMISSED** with prejudice for failure to state a claim.

2. Plaintiff's Motion for Leave to Amend [Dkt. 17] is **DENIED** as futile.

The Clerk shall enter judgment accordingly and close the case.

    **SO ORDERED.**


Dated: January 23, 2026　　　　　　　　　　　　　　　　/s/ Angel Kelley
　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Angel Kelley
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge